COPY

1  Howard W. Rubinstein (Fla. SBN: 0104108)
2  *howardr@pdq.net*
   Law Offices of Howard W. Rubinstein
3  P.O. Box 4839
4  Aspen, Colorado 81612
   (832) 715-2788 · (561) 688-0630 (f)
5  *(To Apply As Counsel Pro Hac Vice)*
6
7  Harold M. Hewell (Cal. SBN: 171210)
   *hmhewell@hewell-lawfirm.com*
8  Hewell Law Firm
9  105 West F Street, Suite 213
   San Diego, California 92101
10 (619) 235-6854 · (888) 298-0177 (f)
11
12 *Attorneys for Plaintiff*

13            UNITED STATES DISTRICT COURT

14          CENTRAL DISTRICT OF CALIFORNIA

15 CHRISTOPHER PELATTI, as an          Civil No. CV11 - 02972 CBM (PZX)
16 individual and on behalf of all others
   similarly situated,                 : COMPLAINT FOR
17                                      : EQUITABLE RELIEF AND
18        *Plaintiff,*                  : DAMAGES
19 *vs.*                               : *Class Action*
20
21                                      : *Jury Trial Requested*
22
23 NESTLÉ USA, INC., a
24 Delaware corporation, and DOES 1
   through 30, inclusive,
25
26        *Defendants.*
27
28

Plaintiff, Christopher Pelatti, by and through counsel, files this Complaint individually and on behalf of all others similarly situated, and alleges against Defendant Nestlé U.S.A., Inc. ("Nestlé" or "Defendant") as follows:

## I. VENUE AND JURISDICTION

1.     This Court has jurisdiction over the subject matter presented by this Complaint because it is a class action arising under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), which explicitly provides for the original jurisdiction of the federal courts of any class action in which any member of the plaintiff class is a citizen of a state different from any defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5,000,000.00, exclusive of interest and costs.

2.     Plaintiff alleges that the total claims of the individual members of the plaintiff class in this action are in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2), (5). As set forth below, Plaintiff is a citizen of Florida, and Nestlé can be considered a citizen of either Delaware or California. Therefore, diversity of citizenship exists under CAFA as required by 28 U.S.C. § 1332(d)(2)(A).

3.     Furthermore, Plaintiff alleges on information and belief that more than two-thirds of all of the members of the proposed plaintiff class in the aggregate are citizens of a state other than California, where this action is originally being filed, and that the total number of members of the proposed plaintiff class is greater than 100, pursuant to 28 U.S.C. § 1332(d)(5)(B).

4.     Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(a) because, as set forth herein, Defendant conducts business in, and

may be found in, this judicial district.

5.    The "Declaration of Harold M. Hewell, Pursuant to Civil Code §1780(c) of the Consumer Legal Remedies Act, Civil Code §§1750 et seq.," regarding venue under the California Consumer Legal Remedies Act is submitted herewith and is incorporated herein by reference.

## II. PARTIES

6.    Plaintiff Christopher Pelatti is an individual who is a citizen of Florida, and resides in Boca Raton, Palm Beach County. He respectfully requests a jury trial on all damage claims.

7.    Defendant, Nestlé, is a Delaware corporation and a private subsidiary of the world's largest food company, Nestlé S.A., which is headquartered in Switzerland. Nestlé identifies 800 North Brand Boulevard, Glendale, California 91203, as the location of its headquarters[1] and lists with the California Secretary of State an agent for service of process by the name of C T Corporation System, located at 818 West 7th Street, Los Angeles California 90017. For purposes of diversity, Nestlé can be considered a citizen of California or Delaware.

## III. GENERAL ALLEGATIONS

8.    All allegations herein are based on information and belief and/or are likely to have evidentiary support after reasonable opportunity for further investigation and discovery.

9.    Plaintiff alleges that, at all times relevant herein, Nestlé and its subsidiaries, affiliates, and other related entities, as well as their respective employees, were the agents, servants and employees of Nestlé, and at all times relevant herein, each was acting within the purpose and scope of that

---

[1] See http://www.nestleusa.com/PubFAQ/FAQs.aspx, retrieved on December

agency and employment.

10.   Plaintiff further alleges on information and belief that at all times relevant herein, the distributors and retailers who delivered and sold the Products, as well as their respective employees, also were Nestlé's agents, servants and employees, and at all times herein, each was acting within the purpose and scope of that agency and employment.

11.   Additionally, Plaintiff alleges that, in committing the wrongful acts alleged herein, Nestlé, in concert with its subsidiaries, affiliates, and/or other related entities and their respective employees, planned, participated in and furthered a common scheme to induce members of the public to purchase the Products by means of false, misleading, deceptive and fraudulent representations, and that Nestlé participated in the making of such representations in that it disseminated those misrepresentations and/or caused them to be disseminated.

12.   Whenever reference in this Complaint is made to any act by Nestlé or its subsidiaries, affiliates, distributors, retailers and other related entities, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents, and/or representatives of Nestlé committed, knew of, performed, authorized, ratified and/or directed that act or transaction on behalf of Nestlé while actively engaged in the scope of their duties.

13.   The true names and capacities of Defendants named herein as Does 1 through 30, inclusive, are unknown to Plaintiff who therefore sues said Defendants, and each of them, by such fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when the same has been ascertained. Plaintiff is informed and believes and based

13, 2010.

thereon alleges that Defendants named herein and each of said fictitiously named Defendants are negligently or otherwise legally responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries and damages as hereinafter alleged were proximately caused by said negligence or other acts.

## IV. FACTUAL ALLEGATIONS

14.   Nestlé sells a brand of juice drinks by the name of "JUICY JUICE," which comes in a variety of flavors, including "Grape" and "Orange Tangerine"[2] ("Products"). A true and correct depiction of the principal display panel (the front of the Products' labeling and packaging that faces consumers in the store aisles) of the Grape and Orange Tangerine varieties – in bottle and can packaging respectively, are set forth below.

 

---

[2] Other JUICY JUICE flavors include: "Apple," "Apple Raspberry," "Berry," "Cherry," "Kiwi Strawberry," "Strawberry Banana," "Punch," "Tropical," "White Grape" and "Mango." "Products," *Juicy Juice,* n. pag. Web. 17 January 2011 <http://www.juicyjuice.com/Products/ Juicy-Juice-Fruit-Juice.aspx>.

15.   As the U.S. Food and Drug Administration noted in a letter to Nestlé dated December 4, 2009:

> The label of the Orange Tangerine product is designed to imply that the product is 100% orange/tangerine juice, and the label of the Grape product is designed to imply that product is 100% grape juice. The principal display panels identify the products as "Orange Tangerine" and "Grape," respectively in large, bold lettering outlined in black; however, neither orange/tangerine juice nor grape juice is the predominant juice in the products. The statements "All Natural-100% Juice" in close proximity to the words "Orange Tangerine" or "Grape" and vignettes of oranges or grapes also may lead consumers to believe that the products are 100% orange/tangerine juice or 100% grape juice when, in fact, they are not. The separate statement at the base of the respective principal display panels, "Flavored juice blend from concentrate with other natural flavors & added ingredients," appears in a smaller font and white print on a colored background. The manner in which the latter statement is presented makes it less conspicuous and prominent than the other label statements and vignettes and therefore less likely to be read or understood by consumers at the time of purchase.[3]

---

[3] Wagner, Roberta F., "Warning Letter," *Inspections, Compliance, Enforcement, and Criminal Investigations*, U.S. Food and Drug Administration, p.1, Web. 17 January 2011 <http://www.fda.gov/ICECI/

16.   The ingredients found in the Orange Tangerine product are set forth in small print in the ingredient list on the side of the product labeling not visible from the store aisle. Those ingredients are listed in the following descending order, based on the percentage of the whole that each ingredient constitutes: apple juice, grape juice, pear juice, orange juice, and tangerine juice (water, juice concentrates), natural flavors, citric acid, gum acacia and beta-carotene for color, ascorbic acid (vitamin C).

17.   Tangerine juice is the fifth listed ingredient. The Orange Tangerine product is therefore mostly apple juice, grape juice, and pear juice.

18.   The ingredients found in the Grape product also are set forth in small print in the ingredient list on the side of the product labeling not visible from the store aisle. Those ingredients, listed in descending order based on the ingredient's percentage of the whole are: Apple Juice and Grape Juice (Water, Juice Concentrates), and less than 0.5% of Natural Flavors, Ascorbic Acid (Vitamin C), Citric Acid.

19.   Grape Juice is the second most concentrated ingredient listed on the product label. The Grape product is therefore mostly Apple juice.

20.   Plaintiff has purchased the above-mentioned Products on approximately two to three occasions, most recently in October 2010 from the Palmetto Park Square Publix Supermarkets, Store Number 553, located at 1339 W. Palmetto Park Road, Boca Raton, FL 33486-3303.

21.   In doing so, Plaintiff saw and relied on the above-cited labeling claims, as well as others similar to them on the Products' labeling; those representations were material to Plaintiff's decisions to purchase and

EnforcementActions/WarningLetters/ucm194122.htm>. A true and correct copy of that warning letter is attached hereto as Exhibit A and incorporated

consume the Products. Plaintiff's reliance was reasonable, given Nestlé's reputation and market presence as a reliable and trustworthy company.

22.   Given the foregoing, Plaintiff contends he was misled by Nestlé's labeling claims into purchasing and paying for products that were not what they were represented to be. As a direct result, Plaintiff has suffered actual damages, by being deprived of the benefit of the bargain, and Plaintiff has spent money purchasing the Products at a price premium when the Products actually had less value than was reflected in the price Plaintiff paid for the Products. Plaintiff would not have purchased the Products had he known the true facts about them.

## V. CLASS ALLEGATIONS

23.   Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

24.   Pursuant to California Civil Code §1781, California Code of Civil Procedure §382, and Federal Rule of Civil Procedure ("FRCP") 23, Plaintiff brings this class action and seeks certification of the claims and certain issues in this action on behalf of all persons in the United States who have purchased the Products for personal use during the class period, which is defined as the period between the date Nestlé first used the claims described above, and those similar to them, in the labeling of the Products, and the filing date of this Complaint, or alternatively, going back four years prior to the filing of this action, whichever is the shorter.

25.   Nestlé's practices and omissions were applied uniformly to all members of the class, so that the questions of law and fact are common to all members of the class. All members of the putative class were and are similarly affected by having purchased and used the Products; the relief

by reference.

sought herein is for the benefit of Plaintiff and members of the putative class.

26.    Plaintiff is informed and believes, and on that basis alleges, that the plaintiff class is so numerous that joinder of all members would be impractical. Based on the annual sales of the Products and the popularity of the Products, it is apparent that the number of consumers of the Products would be so large as to make joinder impossible.

27.    Questions of law and fact common to the plaintiff class exist that predominate over questions affecting only individual members, including, inter alia:

   a.  Whether Defendant's practices and representations made in connection with the labeling, advertising, marketing, promotion and sales of the Products were deceptive, unlawful or unfair in any respect, thereby violating California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.;

   b.  Whether Defendant's practices and representations made in connection with the labeling, advertising, marketing, promotion and sales of the Products were deceptive, unlawful or unfair in any respect, thereby violating California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 et seq.;

   c.  Whether Defendant's conduct in connection with the practices and representations made in the labeling, advertising, marketing, promotion and sales of the Products breached express warranties with regard to the Products;

   d.  Whether Defendant's violated California's Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750, et seq., by the practices and representations made in connection with the labeling, advertising, marketing, promotion and sales of the

Products within California

    e. Whether Defendant's practices and representations made in connection with the labeling, advertising, marketing, promotion and sales of the Products as set forth herein were fraudulent in any respect; and

    f. Whether Defendant's conduct as set forth above injured consumers and if so, the extent of the injury.

28.    The claims asserted by Plaintiff in this action are typical of the claims of the members of the plaintiff class, as the claims arise from the same course of conduct by Defendant, and the relief sought is common.

29.    Plaintiff will fairly and adequately represent and protect the interests of the members of the plaintiff class. Plaintiff has retained counsel competent and experienced in both consumer protection and class action litigation.

30.    Certification of this class action is appropriate under California Civil Code §1781, California Code of Civil Procedure §382, and FRCP 23 because the questions of law or fact common to the respective members of the class predominate over questions of law or fact affecting only individual members. This predominance makes class litigation superior to any other method available for the fair and efficient adjudication of these claims.

31.    Absent a class action, it would be highly unlikely that the representative Plaintiff or any other members of the class would be able to protect their own interests because the cost of litigation through individual lawsuits might exceed expected recovery.

32.    Moreover, certification is appropriate because Defendant acted, or refused to act, on grounds generally applicable to the class, thereby making appropriate the relief sought on behalf of the class as a whole. Further, given the large number of consumers of the Product, allowing

individual actions to proceed in lieu of a class action would run the risk of yielding inconsistent and conflicting adjudications.

33.    A class action is a fair and appropriate method for the adjudication of the controversy, in that it will permit a large number of claims to be resolved in a single forum simultaneously, efficiently, and without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense and burden on the courts that individual actions would engender.

34.    The benefits of proceeding as a class action, including providing a method for obtaining redress for claims that would not be practical to pursue individually, outweigh any difficulties that might be argued with regard to the management of this class action.

## VI. FIRST CAUSE OF ACTION:

## VIOLATIONS OF BUS & PROF. CODE § 17200 ET SEQ.

### (Against Nestlé and Does 1 through 5, Inclusive)

35.    Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

36.    This cause of action is brought on behalf of Plaintiff and members of the general public pursuant to Cal. Bus. & Prof. Code § 17200 et seq., which provides that "unfair competition shall mean and include any unlawful, unfair or deceptive business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter I (commencing with Section 17500) as Part 3 of Division 7 of the Business and Professions Code."

37.    Plaintiff alleges on information and belief that Defendant committed unfair business acts and/or practices. The utility of Defendant's practices related to the deceptive labeling of the Products is negligible, if any, when weighed against the harm to the general public, Plaintiff and members

of the class. The harmful impact upon members of the general public and the class who purchased and used the Products outweighs any reasons or justifications by Defendant for the deceptive labeling practices employed to sell the Products as described herein.

38.   Defendant had an improper motive (profit before accurate marketing) in its practices related to the deceptive labeling of the Products, as set forth above. The use of such unfair business acts and practices was and is under the sole control of Defendant, and was deceptively hidden from members of the general public in Defendant's labeling, advertising, and/or marketing of the Products.

39.   Defendant committed a deceptive act or practice by making labeling representations that deceived consumers into thinking they were purchasing Orange Tangerine or Grape juice products, when in fact the labeling in small letters on the side of the Products packaging listed a number of different juice ingredients other than or in addition to those depicted on the principal display labels designed for viewing by consumers. These deceptive acts and practices have a capacity, tendency, and/or likelihood to deceive or confuse reasonable consumers; as such, consumers had a good faith basis for believing the Products were unique in that respect.

40.   Defendant also committed an unlawful business practice by violating the FAL and CLRA as set forth in detail below. These violations serve as predicate violations of this prong of the UCL.

41.   As a purchaser and consumer of Defendant's Products, and as a member of the general public in the United States who purchased and used the Products, Plaintiff is entitled to and does bring this class action seeking all available remedies under the UCL.

42.   Defendant's labeling practices, as set forth above, were intended to promote the sale of the Products, and constitute unfair, deceptive and/or

unlawful business practices within the meaning of California Bus. & Prof. Code § 17200 et seq.

43.     Pursuant to California Bus. & Prof. Code § 17203, Plaintiff, individually and on behalf of the general public, seeks an order of this Court:

a. Enjoining Defendant from continuing to engage, use, or employ business acts or practices found by this Court to be unfair, deceptive and/or unlawful, related to the marketing, advertising, labeling and sale of the Products for the purpose of selling its Products in such manner as set forth in detail above; and

b. Restoring all monies that may have been acquired by Defendant as a result of such unfair, deceptive and/or unlawful business acts or practices.

44.     Plaintiff and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

45.     As a result of Defendant's violations of the UCL, Plaintiff and the class are entitled to restitution for out-of-pocket expenses and economic harm. Pursuant to Civil Code § 3287(a), Plaintiff and members of the class are further entitled to pre-judgment interest as a direct and proximate result of Defendant's wrongful conduct.

46.     The amount of damages suffered as a result is a sum certain and capable of calculation, and Plaintiff and members of the class are entitled to interest in an amount according to proof.

**VII. SECOND CAUSE OF ACTION:**

**VIOLATIONS OF BUS. & PROF. CODE §17500 ET SEQ.**

*(Against Nestlé and Does 6 through 10, Inclusive)*

47.     Plaintiff re-alleges and incorporates by reference the allegations

set forth in each of the preceding paragraphs of this Complaint.

48. In violation of California Bus. & Prof. Code §17500, Defendant has disseminated, or caused to be disseminated, deceptive labeling representations promoting the Products. The label of the Orange Tangerine product is designed to imply that the product is 100% orange/tangerine juice, and the label of the Grape product is designed to imply that product is 100% grape juice. The principal display panels identify the products as "Orange Tangerine" and "Grape," respectively in large, bold lettering outlined in black; however, neither orange/tangerine juice nor grape juice is the predominant juice in the products. (See FDA letter.) Defendant's representations made in the labeling and/or marketing of the Products are misleading as set forth above. Plaintiff, on information and belief, alleges that Defendant continues to disseminate, or causes to be disseminated, such misleading statements alleged herein through, but not limited to, retailers in the marketplace.

49. Defendant's labeling representations for the Products are by their very nature unfair, deceptive and/or unlawful within the meaning of California Bus. & Prof. Code §17500 et seq. The representations are likely to deceive, and continue to deceive, reasonable consumers.

50. In making and disseminating the statements alleged herein, Defendant knew or should have known that the statements were misleading, and that they have acted in violation of California's Bus. & Prof. Code §17500 et seq.

51. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff and the class members have suffered substantial harm by purchasing products that were not as they were advertised to be.

52. Pursuant to Bus. & Prof. Code § 17535, Plaintiff, individually and on behalf of members of the general public, seeks an order of this

Court:

    a. Enjoining Defendant from continuing to engage, use, or employ acts and/or practices found by this Court to be deceptive, related to the marketing, advertising and sale of the Products for the purpose of selling its Products in such manner as set forth in detail above; and

    b. Restoring all monies that may have been acquired by Defendant, as a result of such deceptive acts and/or practices.

53. Based upon Defendant's violations of the FAL, Plaintiff and the class are entitled to restitution for out-of-pocket expenses and economic harm. Pursuant to Civil Code § 3287(a), Plaintiff and members of the class are further entitled to pre-judgment interest as a direct and proximate result of Defendant's wrongful conduct. The amount of damages suffered as a result is a sum certain and capable of calculation, and Plaintiff and members of the class are entitled to interest in an amount according to proof.

## VIII. THIRD CAUSE OF ACTION:
## BREACH OF EXPRESS WARRANTY
### *(Against Nestlé and Does 11 through 15, Inclusive)*

54. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

55. Plaintiff, and each member of the class, formed a contract with Defendant at the time Plaintiff and the other members of the class purchased the Product. The terms of that contract include the promises and affirmations of fact made by Defendant on its Products' labels, described above, and through its marketing campaign. The Products' labeling and advertising constitute express warranties, which became part of the basis of the bargain, and are part of a standardized contract between Plaintiff and the members of the class on the one hand, and Defendant on the other.

56. Defendant made labeling representations that promoted the Products as 100% orange/tangerine juice, and 100% grape juice; however, neither orange/tangerine juice nor grape juice is the predominant juice in the products. (See FDA letter, Paragraph 15.) Therefore, Defendant breached express warranties made regarding the content and composition of the Products.

57. All conditions precedent to Defendant's liability under this contract, including notice, has been performed by Plaintiff and the class.

58. Defendant breached the terms of this contract, including the express warranties, with Plaintiff and the class by not providing Products with the promised benefits or attributes, as described above. Defendant's breach of their contract and warranties caused Plaintiff and the class damages in the amount of the purchase price paid for the Products.

## IX. FOURTH CAUSE OF ACTION:
## FOR VIOLATIONS OF THE CLRA
### (Against Nestlé and Does 16 through 20, Inclusive)

59. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

60. This cause of action is brought pursuant to the CLRA.

61. Plaintiff and each member of the class are "consumers" within the meaning of Civil Code §1761(d).

62. The purchases of the Products by Plaintiff and each member of the class were and are "transactions" within the meaning of Civil Code §1761(e).

63. Defendant's marketing, promotion, and sales of the Products within the United States, and specifically in the State of California pursuant to this cause of action, as alleged herein, violated and continues to violate the CLRA in at least the following respects as set forth in detail above:

a. In violation of Civil Code §1770(a)(5), Defendant represented that the Products had characteristics, ingredients, uses, and benefits which they do not have;

b. In violation of Civil Code §1770(a)(7), Defendant represented that the Products are of a particular standard, quality, or grade, which they are not; and

c. In violation of Civil Code §1770(a)(9), Defendant advertised the Products with an intent not to sell the Products as advertised.

64. Plaintiff seeks and is entitled to equitable relief in the form of an order:

a. Enjoining Defendant from continuing to engage in any practice determined by this Court to violate the CLRA;

b. Requiring Defendant to make full restitution of all monies wrongfully obtained as a result of the conduct described above;

c. Requiring Defendant to disgorge all ill-gotten gains flowing from the conduct described above; and

d. Enjoining Defendant from such deceptive business practices in the future.

65. Plaintiff, by and through counsel, notified Defendant in writing of the particular violations of Section 1770 of the CLRA and demanded that it take certain corrective actions within the period prescribed by the CLRA for such demands. Defendant failed to do so.

66. Accordingly, Plaintiff also seeks statutory damages, actual damages, plus punitive damages, interest and attorneys' fees as authorized by Section 1780(a) of the CLRA.

67. Regardless of an award of damages, however, Plaintiff seeks and is entitled to, pursuant to Section 1780(a)(2) of the CLRA, an order for the equitable relief described above, as well as costs, attorney's fees and any

other relief which the Court deems proper.

## X. FIFTH CAUSE OF ACTION:
## FOR NEGLIGENT MISREPRESENTATION
### (*Against Defendant and Does 21 through 25, inclusive*)

68.   Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

69.   As set forth in detail above, Defendant has represented to the public, including Plaintiff, by labeling and other means, that that orange/tangerine juice and grape juice are the predominant juices in the respective Products. Plaintiff and each Class member were exposed to these representations each time they purchased the Product at the point of sale for each purchase of the Product.

70.   Those representations are false.

71.   At the time Defendant made the representations herein alleged, Defendant knew or should have known that the representations were false, and/or had no reasonable basis for believing them to be true.

72.   Defendant made the representations above for the purpose of deceiving Plaintiff and Class members into purchasing a product that was not what it was represented to be, thereby depriving them of the benefit of their bargain.

73.   Plaintiff and Class members reasonably relied upon Defendant's representations as set forth above, because they believed Defendant to be a reputable company.

74.   As a proximate result of these acts, Plaintiff and other consumers were induced to spend an amount to be determined at trial on the Product, and thereby suffered actual damages in that they lost money by purchasing a product that was not what it was represented to be and lacked the value represented by the purchase price they paid for the Product.

# XI. SIXTH CAUSE OF ACTION:

## FOR INTENTIONAL MISREPRESENTATION

### (*Against Defendant and Does 26 through 30, inclusive*)

75.    Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

76.    As set forth in detail above, Defendant has represented to the public, including Plaintiff, by labeling and other means, that that the orange/tangerine juice and grape juice are the predominant juices in the respective Products. Plaintiff and each Class member were exposed to these representations each time they purchased the Product at the point of sale for each purchase of the Product.

77.    Those representations are false.

78.    At the time Defendant made the representations herein alleged, Defendant knew the representations were false.

79.    Defendant intentionally made the representations above for the purpose of deceiving Plaintiff and Class members into purchasing a product that was not what it was represented to be, thereby depriving them of the benefit of their bargain.

80.    Plaintiff and Class members reasonably relied upon Defendant's representations as set forth above, because they believed Defendant to be a reputable company.

81.    As a proximate result of these acts, Plaintiff and other consumers were induced to spend an amount to be determined at trial on the Product, and thereby suffered actual damages in that they lost money by purchasing a product that was not what it was represented to be and lacked the value represented by the purchase price they paid for the Product.

82.    Plaintiff and other consumers, in purchasing, using, and consuming the Product as herein alleged, relied upon Defendant's above

representations, all to their damage as hereinabove alleged. In doing the things aforementioned, Defendant was guilty of malice, oppression, and fraud, and Plaintiff and Class members are, therefore, entitled to recover exemplary or punitive damages.

## XII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for a judgment:

A.   Certifying the Class as requested herein;

B.   Awarding restitution to Plaintiff and Class members restoring all monies acquired by Defendant through any act or practice found to have been in violation of the UCL, FAL and/or CLRA, as alleged above in the First, Second and Fourth Causes of Action respectively, as well as pre-judgment interest thereon;

C.   Awarding to Plaintiff and Class members disgorgement of all ill-gotten gains acquired by Defendant through any act or practice found to have been in violation of the CLRA, as alleged above in the Fourth Cause of Action;

D.   Awarding damages to Plaintiff and Class members, in an amount to be determined at trial, for Defendant's breach of express warranties as alleged above in the Third Cause of Action;

E.   Awarding Plaintiff and Class members actual and punitive damages under the CLRA, as alleged above in the Fourth Cause of Action, in an amount to be determined at trial;

F.   Awarding Plaintiff and Class members actual damages for negligent misrepresentation, as alleged above in the Fifth Cause of Action, in an amount to be determined at trial;

G.   Awarding Plaintiff and Class members actual and punitive damages for intentional misrepresentation, as alleged above in the Sixth

1  Cause of Action, in an amount to be determined at trial;

2       H.    Awarding attorneys' fees pursuant to, inter alia, §1780(d) of the

3  CLRA and Code of Civil Procedure §1021.5;

4       I.    Awarding costs; and

5       J.    Providing such further relief as may be just and proper.

6  **DEMAND FOR JURY TRIAL**

7       Plaintiff demands a trial by jury on all issues so triable against all

8  Defendants.

9                          Respectfully submitted,

10                          HEWELL LAW FIRM

11  Dated: February 3, 2011

12                          By: _(VIA FAX/ELECTRONIC TRANSMISSION)_
                        Harold M. Hewell

13  

14                          Howard W. Rubinstein
                        LAW OFFICES OF HOWARD W.

15                          RUBINSTEIN
                        P.O. Box 4839

16                          Aspen, Colorado 81612

17                          *(To apply as counsel pro hac vice)*

18                          *Attorneys for Plaintiff*

19  

20  

21  

22  

23  

24  

25  

26  

27  

28

1

## EXHIBIT

2

3 **Exhibit:**                                                              **Pages:**

4   "A"

5          Wagner, Roberta F., "Warning Letter," *Inspections,*        24-25

6          *Compliance, Enforcement, and Criminal Investigations*,

7          U.S. Food and Drug Administration, p.1, Web. 17

8          January 2011 <http://www.fda.gov/ICECI/

9          EnforcementActions/WarningLetters/ucm194122.htm>.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

 **U.S. Food and Drug Administration**

Home> Inspections, Compliance, Enforcement, and Criminal Investigations> Enforcement Actions> Warning Letters

## Inspections, Compliance, Enforcement, and Criminal Investigations

### Nestle USA, 12/4/09

 **Department of Health and Human Services**

Public Health Service
Food and Drug Administration
College Park, MD 20740

**DEC 04 2009**

Brad Alford, Chairman and CEO
Nestle U.S.A.
800 North Brand Boulevard
Glendale, CA 91203

WARNING LETTER

**Re: CFSAN-OC-10-05**

Dear Mr. Alford:

The Food and Drug Administration (FDA) has reviewed the labeling for several Nestle Juicy Juice products: Juicy Juice Brain Development Fruit Juice Beverage (Apple), Juicy Juice All-Natural 100% Juice Orange Tangerine, and Juicy Juice All-Natural 100% Juice Grape. Based on our review, we have concluded that these products are misbranded within the meaning of section 403 of the Federal Food, Drug, and Cosmetic Act (the Act) [21 USC 343] because their labeling deviates from the requirements of the Act and FDA regulations at Title 21 of the Code of Federal Regulations.

Your Juicy Juice Brain Development Fruit Juice Beverage product is misbranded within the meaning of section 403(r) of the Act [21 USC 343(r)] because its labeling includes unauthorized nutrient content claims. Except for statements that describe the percentage of a vitamin or mineral in relation to a Reference Daily Intake (RDI), a nutrient content claim cannot be made for a food intended for use by infants and children less than 2 years of age unless the claim is specifically provided for in parts 101, 105, or 107 of FDA regulations. 21 CFR 101.13(b)(3). This product is marketed specifically for children under two years of age, as indicated by the claim "Helps support brain development***In children under two years old," which appears on the product label. The label also bears the nutrient content claim "no sugar added." The circumstances under which a "no sugar added" claim is permitted are defined in 21 CFR 101.60(c). That regulation does not allow the claim for conventional food products intended for use in children under age 2. 21 CFR 101.60(c)(4). Therefore, the claim "no sugar added" misbrands your product.

On October 30, 2009. we also reviewed your website, http://www.juicyjuice.com. the address of which is listed on the Juicy Juice Brain Development Fruit Juice Beverage label. The labeling found on your website makes an additional unauthorized nutrient content claim, which further misbrands the product. The website claims that Juicy Juice Brain Development Fruit Juice Beverage is "naturally lower in sugar." As noted above, except for statements that describe the percentage of a vitamin or mineral in relation to an RDI, no nutrient content claims can be made for a food intended specifically for use by infants and children less than 2 years of age unless specifically permitted by FDA regulations. 21 CFR 101.13(b)(3). The circumstances under which a "lower in sugar" claim is permitted are defined in 21 CFR 101.60(c)(5). That regulation does not allow the use of the claim for food products intended for use in children under age 2.

Additionally, we have reviewed the labeling of your Nestle Juicy Juice All Natural 100% Juice Orange Tangerine and Nestle Juicy Juice All Natural 100% Juice Grape products. These products are misbranded under section 403(a)(1) of the Act [21 USC 343(a)(1)] because their labels are misleading. The label of the Orange Tangerine product is designed to imply that the product is 100% orange/tangerine juice, and the label of the Grape product is designed to imply that product is 100% grape juice. The principal display panels identify the products as "Orange Tangerine" and "Grape," respectively in large, bold lettering outlined in black; however, neither orange/tangerine juice nor grape juice is the predominant juice in the products.The statements "All Natural-100% Juice" in close proximity to the words "Orange Tangerine"or "Grape" and vignettes of oranges or grapes also may lead consumers to believe that the products are 100% orange/tangerine juice or 100% grape juice when, in fact, they are not. The separate statement at the base of the respective principal display panels, "Flavored juice blend from concentrate with other natural flavors & added ingredients," appears in a smaller font and white print on a colored background. The manner in which the latter statement is presented makes it less conspicuous and prominent than the other label statements and vignettes and therefore less likely to be read or understood by consumers at the time of purchase.

The above violations are not meant to be an all-inclusive list of deficiencies in your products or their labeling. It is your responsibility to ensure that all of your products are in compliance with the laws and regulations enforced by FDA. You should take prompt action to correct the violations. Failure to promptly correct these violations may result in regulatory actions without further notice, such as seizure and/or injunction.

You should take prompt action to correct these violations. Please respond to this letter within 15 days from receipt with the actions you plan to take in response to this letter, including an explanation of each step being taken to correct the current violations and prevent similar violations. Include any documentation necessary to show that correction has been achieved. If you cannot complete corrective action within fifteen working days, state the reason for the delay and the time within which you will complete the correction.

You should direct your written reply to Quyen Tien, Food and Drug Administration, Center for Food Safety and Applied Nutrition, 5100 Paint Brooch Parkway, Office of Compliance (HFS608), Division of Enforcement, College Park, Maryland 20740-3835.

Sincerely,

/S/


Roberta F. Wagner
Director
Office of Compliance
Center for Food Safety and Applied Nutrition

Exhibit "A," Page 1 of 2

Complaint, Page 24 of 25

Case 2:11-cv-02972-ODW -RZ   Document 1   Filed 04/08/11   Page 25 of 29   Page ID #:34

cc: FDA Los Angeles District Office

---

**Links on this page:**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Consuelo B. Marshall and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

### CV11- 2972 CBM (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

ORIGINAL

Name & Address: Harold M. Hewell (Cal. SBN: 171210)
hmhewell@hewell-lawfirm.com
HEWELL LAW FIRM
105 West F Street, Second Floor
San Diego, California 92101
(619) 235-6854 · (888) 298-0177 (f)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CHRISTOPHER PELATTI, as an individual and on
behalf of all others similarly situated,

PLAINTIFF(S)

v.

NESTLÉ USA, INC., a Delaware corporation, and DOES
1 through 30, inclusive,

DEFENDANT(S).

CASE NUMBER

**CV11-02972** (BMC)(RZx)

**SUMMONS**

TO:   DEFENDANT(S): NESTLÉ USA, INC., a Delaware corporation          **BY FAX**

A lawsuit has been filed against you.

Within  21   days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer
or motion must be served on the plaintiff's attorney,  Harold M. Hewell _____, whose address is
HEWELL LAW FIRM, 105 West F Street, Suite 213, San Diego, California 92101 _____.  If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

Clerk, U.S. District Court

Dated:       APR - 8 2011

By: _____
                Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed
60 days by Rule 12(a)(3)].*

CV-01A (12/07)                          SUMMONS

BY FAX

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| CHRISTOPHER PELATTI, as an individual and on behalf of all others similarly situated, | NESTLÉ USA, INC., a Delaware corporation, and DOES 1 through 30, inclusive, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Harold M. Hewell, HEWELL LAW FIRM, 105 West F Street, Second Floor, San Diego, California 92101, (619) 235-6854/(888) 298-0177 (f), Email: hmhewell@hewell-lawfirm.com | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes  ☐ No          ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005); California statutory causes of action and common law cause of action.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY / TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 310 Airplane | ☒ 370 Other Fraud | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

# CV11-02972

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Florida |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles |  |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Florida |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date February 6, 2011
(VIA FAX/ELECTRONIC TRANSMISSION)

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969, (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |